UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCENT ROBERT WILLIAMS,

        Plaintiff,

vs.

        Case No. 12-CV-11044
        HON. GEORGE CARAM STEEH

CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

ORDER ACCEPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION [DOC. 15]

      Plaintiff Vincent Williams applied for supplemental security income (SSI) on May 7, 2009, alleging disability from November 14, 1989, his date of birth. The Commissioner denied his benefits on October 2, 2009. Plaintiff then requested a hearing before an ALJ, who determined that plaintiff was not disabled, and therefore not eligible for SSI, on March 4, 2011. The Appeals Council declined to review this decision, which became a final decision of the Commissioner on January 4, 2012. Plaintiff filed suit in this court on March 8, 2012. Both parties filed motions for summary judgment which were referred to the Magistrate Judge for report and recommendation. On January 22, 2013, the Magistrate Judge issued a report and recommendation recommending that plaintiff's motion for summary judgment be denied and defendant's motion for summary judgment be granted. Objections to that report have been filed by plaintiff within the established time period. The court has reviewed the file, record, and

Magistrate Judge's report and recommendation. The Court accepts the report and recommendation, and orders that judgment be entered for defendant.

Plaintiff raises three objections to the Magistrate Judge's recommendation regarding the ALJ's finding that plaintiff's back problems did not constitute a severe impairment and his finding that Listing 12.05C was not otherwise met. To meet Listing 12.05C, a claimant must show that (1) he experiences significantly subaverage general intellectual functioning with deficits in adaptive functioning that initially manifested during the developmental period; (2) he has a verbal, performance, or full scale IQ of 60 through 70; and (3) he suffers from a physical or other mental impairment imposing an additional and significant work-related limitation on function.

First, plaintiff argues that the Magistrate Judge erred in stating that "substantial evidence supports the finding that Plaintiff does not experience significantly subaverage general intellectual functioning with deficits in adaptive functioning." At step two, the ALJ found that plaintiff had borderline intellectual functioning (BIF), a diagnosis that by definition excludes a diagnosis of mental retardation (MR). The requirements for a diagnosis of MR is an IQ of 70 or under (plaintiff's Full Scale IQ was reported as 70), deficits in adaptive functioning (not directly discussed by the ALJ), and onset during the developmental period (clearly met by plaintiff and not an issue here). Therefore, the Magistrate Judge's interpretation of the ALJ's step-two finding to include a finding of no deficit in adaptive functioning, is logical, commonsensical, and supported by the evidence in this case.

Plaintiff's second objection is that the Magistrate was not clear in his opinion that plaintiff's Full Scale IQ score of 70 satisfies the IQ component of Listing 12.05C. The

-2-

Magistrate Judge was willing to consider plaintiff's IQ score of 70 to satisfy the requirement of Listing 12.05C, and so is this Court.

Plaintiff's final objection is that the Magistrate Judge's finding that plaintiff's back problems did not constitute an additional and significant work-related limitation is not supported by the ALJ's own findings. Plaintiff points to seemingly inconsistent conclusions made by the ALJ that plaintiff was limited to light work, and that he had no significant physical, work-related limitations. However, regardless of how such apparent inconsistency is resolved is immaterial because plaintiff has failed to meet the adaptive functioning prong required by Listing 12.05C. The existence or non-existence of an additional severe impairment is therefore irrelevant to the analysis.

The ALJ's decision is supported by substantial evidence, and is therefore affirmed.

Accordingly,

IT IS HEREBY ORDERED that the Magistrate Judge's report and recommendation is accepted.

IT IS FURTHER ORDERED that judgment enter for defendant.

Dated:  February 26, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 26, 2013, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk